UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THOMAS L. AKINS,

      Plaintiff,

v.                                                  Case No.: 2:25-cv-00346-SPC-NPM

WARDEN S. PANYE,
LIEUTENANT H. VELASQUEZ,
AND OFFICER RICHTER,

      Defendants,
_____/

## OPINION AND ORDER

Before the Court is Plaintiff Thomas L. Akins' Complaint (Doc. 1). Akins is a prisoner of the Florida Department of Corrections (FDOC), and he sues three prison officials under 42 U.S.C. § 1983 and the First Amendment. United States Magistrate Judge Nicholas Mizell granted Akins leave to proceed *in forma pauperis*, so the Court must review the Complaint *sua sponte* to determine whether it is frivolous or malicious, fails to state a claim, or seeks monetary damages against a party who is immune from such relief. *See* 28 U.S.C. 1915(e)(2).

Federal Rule of Civil Procedure 12(b)(6) provides the standard for screening complaints under § 1915. *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*.  (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).  And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action.  *Twombly*, 550 U.S. at 555.

To state a § 1983 claim, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law.  *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing *Arrington v. Cobb Cnty.*, 139 F.3d 865, 872 (11th Cir. 1998)).  In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation.  *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1059 (11th Cir. 2001).

Akins alleges he was moved to a cell with a malfunctioning toilet on February 1, 2025.  Akins complained to correctional officials to no avail.  The next day, Akins called friends and family and asked them to call the prison and complain to higher-ranked officials.  Akins believed they did so immediately.  About an hour later, Defendants Velasquez and Richter approached Akins' cell

and ordered him and his cellmate to submit to hand restraints. The inmates complied. The officers conducted strip searches of the inmates and found no contraband. Akins was escorted to a shower while Velasquez and Richter searched his cell. A few minutes later, Velasquez came to the shower and told Akins he found a homemade knife. While escorting Akins back to his cell, Velasquez said, "You need to learn to keep yo' mouth shut about Charlotte's prison." (Doc. 1 at 5).

Velasquez wrote a disciplinary report against Akins. Akins challenged it in a grievance, but the grievance was denied. A hearing team found Akins guilty and imposed 60 days of disciplinary confinement. Akins challenged the disciplinary action on the ground that Velasquez failed to photograph the evidence before removing it, as required by FDOC rules. A representative of the FDOC secretary overturned the disciplinary action.

Akins accuses Velasquez of submitting a false disciplinary report as retaliation for his complaints about the conditions in his cell. That claim survives preliminary review. Akins sues Richter for failing to intervene to stop Velasquez's retaliatory action. An officer who fails or refuses to intervene when a constitutional violation occurs can be liable under § 1983. *See Priester v. Cty. of Riviera Beach, Fla.*, 208 F.3d 919, 924 (11th Cir. 2000). But Akins does not allege facts suggesting Richter had an opportunity to prevent

Velasquez from filing the disciplinary report. The Court will dismiss Akins' claim against Richter.

Akins also fails to state a claim against Warden Payne. Akins does not allege Payne personally participated in a violation of his constitutional rights, so he presumably seeks to hold him liable for conduct of Velasquez. It is well settled in the Eleventh Circuit that supervisory officials are not liable under § 1983 for the acts of their subordinates. *Keith v. DeKalb Cty., Ga.*, 749 F.3d 1034, 1047 (11th Cir. 2014). The Court will dismiss Akins' claim against Payne.

Accordingly, it is now

**ORDERED:**

Akins' claims against Defendants Richter and Payne are **DISMISSED without prejudice.** The Clerk is **DIRECTED** to terminate Richter and Payne as parties to this case.

**DONE AND ORDERED** in Fort Myers, Florida this May 15, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record